| Arthur C. W. Bowen | |
|---|---|
| vs. | Eq. No. 11043. |
| Oscar H. Briggs, et al. | |

DECISION.

March 21, 1932.

WALSH, J. Heard on bill, answer, replication and proof.

This is a bill seeking specific performance of an agreement to transfer certain stock in specie of the Buffalo Development Company, a Rhode Island corporation, from Oscar H. Briggs to complainant. On April 2, 1930, Bowen, Oscar H. Briggs and Harold L. Briggs entered into a written agreement having for its main object the formation of a corporation to develop a placer gold mine at Dillon, Colorado, and the sale of stock in said corporation. By the terms of this agreement, the complainant contends that he was to sell 50% of the capital stock to net the company not less than $100,000, that he was to receive for his services 25% of said capital stock and the remaining 25% of said capital stock was to remain in the treasury to be used by the complainant as "sweetening" or "bonus" stock to promote sales. On June 16, 1930, complainant avers, the agreement of April 2, 1930, was modified to the extent of allowing the respondent Oscar H. Briggs to receive 75% of the capital stock and of leaving in the treasury for sale the remaining 25%; that of the 75% issued to Oscar

H. Briggs 25% was to go to complainant, 25% to Oscar H. and Harold L. Briggs and 25% was to be divided equally between complainant and the two Briggses after there had been deducted from said 25% such shares as might have to be given as a bonus to stimulate the sale of stock. The Buffalo Development Company, a corporation, was formed with a capitalization of 100,000 shares. It is agreed that the par value was $5 per share.

On June 16, 1930, the Buffalo Development Company agreed to buy from Oscar H. Briggs certain mining properties in Colorado and to pay therefor 75,000 shares of the capital stock of said company. Beginning April 2, 1930, the complainant sold stock in the Buffalo Development Company and turned into the treasury as proceeds of such sales, less commissions and expenses, the sum of $10,100. In March, 1931, the sale of the stock of the Buffalo Development Company in Rhode Island was stopped by the Bank Commissioner because of the refusal of Oscar H. Briggs to convey to the corporation the mining properties, said Oscar H. Briggs having taken title thereto in his own name. In August, 1931, Oscar H. Briggs transferred title to the mining properties to the corporation and received 75,000 shares of the capital stock in payment therefor. Oscar H. Briggs refused to deliver any of said stock to complainant, upon demand by complainant for 37,500 shares.

The respondents, Oscar H. Briggs and Harold L. Briggs, contend that the agreement of April 2, 1930, was abrogated and declared cancelled by all parties thereto on June 16, 1930, and the new agreement providing for the payment of a straight 20% commission for all sales of stock was substituted therefor. The records of the corporation show such a vote.

It clearly appears in this case that the Briggses knew this particular placer development very well; that they knew how it could be acquired at a very reasonable price; that they knew where the outstanding obligations upon the property were and that they could be procured at a small fraction of their face value; that they did not have sufficient money to finance the proposition themselves. It is also clear that the $10,100 brought in by complainant from the sale of stock was the money used by the Briggses to perfect title to the property and to buy in the bonds. Whatever expenditures were necessary to finance the office were advanced by Bowen.

From all the testimony in the case, corroborated by the surrounding circumstances and the probabilities, we are convinced that the agreement of April 2, 1930, was not cancelled as of June 16, 1930. We think that 25% of the capital stock of the Buffalo Development Company should be held in the name of complainant by the corporation in accordance with the terms of the agreement of April 2, 1930. We fail to see how the complainant can claim any interest in the "sweetening" or "bonus" stock at the present time.

A decree may be prepared in accordance with this decision.

For complainant: Ralph M. Greenlaw.

For respondents: Ira Marcus, Russel W. Richmond.